UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CAMARON BEAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TYLER WOMACK et al., ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-00069-SRC |

## Order

Camaron Beal, a self-represented prisoner at the Southeast Correctional Center in Charleston, Missouri, filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. Doc. 1. That same day, he filed an Application to Proceed in District Court Without Prepaying Fees or Costs, doc. 2, and a Motion for Appointment of Counsel and Affidavit in Support, doc. 3. He later filed two copies of his inmate-account statement. Docs. 5–6. Before this case can proceed, however, the Court must address a defect in Beal's filings.

Generally, when initiating a lawsuit, a party must "pay a filing fee" before proceeding, 28 U.S.C. § 1914(a), unless that party seeks and obtains leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915. To obtain *in forma pauperis* (IFP) status, a plaintiff must "submit[] an affidavit that includes a statement of all assets [he] possesses" and shows that he is "unable to pay" the filing fee. 28 U.S.C. § 1915(a)(1). Additionally, an incarcerated plaintiff must provide a certified copy of his inmate-account statement for the "6-month period *immediately preceding* the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Here, Beal's inmate-account statement reflects data for the period of November 26, 2024, through May 26, 2025. Doc. 5 at 3–5 (The Court cites to page numbers as assigned by

CM/ECF.). But Beal filed his complaint on April 28, 2025. Doc. 1. His inmate-account statement, therefore, needed to provide data for the period of October 28, 2024, through April 28, 2025, *see* 28 U.S.C. § 1915(a)(2). On that basis, the Court denies, without prejudice, Beal's IFP motion. Doc. 2. Beal must, no later than October 27, 2025, either (i) pay the full $405 filing fee or (ii) file a renewed IFP motion on the Court-provided form and a certified inmate-account statement, both compliant with the requirements in section 1915(a) and Local Rule 2.05(A). The Court also directs the Clerk of Court to mail Beal the Court's standard application to proceed in district court without prepaying fees or costs.

The Court next addresses Beal's Motion for Appointment of Counsel and Affidavit in Support. Doc. 3. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Until Beal either pays the filing fee or properly obtains *in forma pauperis* status, the Court cannot assess the merits of his claims or determine whether he or the Court would benefit from the assistance of counsel. Therefore, the Court denies, without prejudice, Beal's Motion for Appointment of Counsel and Affidavit in Support, doc. 3.

Accordingly, the Court denies, without prejudice, Beal's [2] Application to Proceed in District Court Without Prepaying Fees or Costs.  Beal must, no later than October 27, 2025, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and an inmate-account statement, both compliant with the requirements in section 1915(a) and Local Rule 2.05(A).  The Court directs the Clerk of Court to mail Beal the Court's standard application to proceed in district court without prepaying fees or costs.  The Court also denies, without prejudice, Beal's [3] Motion for Appointment of Counsel and Affidavit in Support.  The Court directs the Clerk of Court to strike Beal's [6] inmate-account statement as duplicative.

So ordered this 11th day of September 2025.

*SL R. CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE