UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CAMARON BEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00069-SRC |
| | ) | |
| TYLER WOMACK et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

In January 2026, the Court granted Camaron Beal's renewed application to proceed *in forma pauperis* and assessed an initial partial filing fee of $72.03.  Doc. 15 at 3 (The Court cites to page numbers as assigned by CM/ECF.).  The same month, Beal filed a handwritten memorandum requesting that the Court order the Southeast Correctional Center to provide him weekly canteen access to purchase legal materials, asserting that current restrictions interfere with his ability to meet court deadlines.  Doc. 16.  In February, Beal filed two additional handwritten memoranda—one documenting allegations that facility staff are opening and photocopying his legal mail, doc. 18, and the other requesting that the Court take judicial notice of a resubmitted Informal Resolution Request regarding his administrative remedies, doc. 19.  Beal paid the initial partial filing fee on March 2, 2026.  Doc. 20.

The Court construes Document 16 as a motion for injunctive relief, and Document 19 as a motion for judicial notice.  For the reasons discussed below, the Court denies Beal's motions without prejudice and directs Beal to file an amended complaint on the enclosed form that complies with Federal Rule of Civil Procedure 20.  The Court takes no action on Document 18, which is a memorandum and does not request relief.

## I.    Background

In his Complaint, Beal recounts three separate incidents involving prison officials at the Southeast Correctional Center.  *See* doc. 1.  First, Beal alleges that, on May 4, 2023, unspecified individuals restrained his wrists before Sergeants Womack, Williams, and Cantrell beat him and sprayed him with a chemical agent.  *Id*. at 6, 10.  According to Beal, the officers then placed him on a bench in his underwear for two hours before relocating him to a cell.  *Id*. at 6–7.  Once in the cell, Cantrell denied Beal's requests for soap, tissue, and temporary administrative segregation property.  *Id*. at 7, 10.  Beal remained in the cell for six days without hygiene items, bedding, or clean clothing.  *Id.*  He states that he suffered head and facial contusions, a bruised shoulder, eye irritation, hand numbness, and emotional distress from this incident.  *Id.* at 10.

Second, Beal alleges that, on August 28, 2023, Correctional Officer Alston sprayed him without provocation with a chemical agent through his cell's food port.  *Id.* at 7–8, 11.  Beal states that he suffered eye irritation and emotional distress from Alston's actions.  *Id.* at 11.  And he further alleges that Major Jesse May later threatened him and ordered a housing transfer.  *Id.* at 8.

Third, Beal alleges that, on November 15, 2024, authorities prohibited him from attending a Muslim religious service.  *Id.* at 8–9, 11.  And when Beal asked why he was denied the opportunity to attend this service, several corrections officers got into a "physical altercation" with him.  *Id.* at 9.  During this altercation, Beal asserts that Correctional Officer Blakesley placed him in a chokehold while several other officers restrained Beal on the ground.  *Id.* at 9, 11.  Beal states that he experienced neck strain, headaches, body aches, blackouts, and emotional distress from this incident.  *Id.* at 11.  He also alleges that Functional Unit Manager Donna

2

Wigfall later violated his due-process rights in the resulting disciplinary proceeding and denied him his "right to offender counsel." *Id.* at 10, 12.

Beal then makes overarching allegations against May, stating that May "failed to properly train and supervise" the other Defendant Officers, causing Beal physical and psychological injury. *Id.* at 12. He further states that Defendant Officers have "a custom of using the term 'spontaneous use of force.'" *Id.* Beal seeks punitive damages against all defendants. *Id.* at 14.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must

3

"accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.   Discussion

### A.   Misjoinder of claims

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of multiple defendants in a single lawsuit only if the plaintiff's claims arise out of the same transaction or occurrence and share a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against unrelated defendants require separate lawsuits. *See id.*

Beal's Complaint challenges three discrete incidents involving different defendants, none of which appears to stem from the same transaction or series of transactions. *See generally* doc.

4

1.  The May 4, 2023, incident involves an alleged use of force by Sergeants Womack, Williams, and Cantrell, and a subsequent conditions-of-confinement claim against Sergeant Cantrell alone. Doc. 1 at 6–7, 10–11.  The August 28, 2023 incident, which occurred nearly four months later, involves an alleged use of force by Correctional Officer Alston and an alleged retaliatory transfer by Major May.  *Id.* at 7–8.  The November 15, 2024, incident, which occurred more than a year after that, involves an alleged use of force by Correctional Officer Blakesley and an alleged due-process violation by Functional Unit Manager Wigfall.  *Id.* at 9–12.  Although these claims share some abstract legal themes, they lack a common factual core.

Accordingly, the Court directs Beal to file an amended complaint that complies with Rule 20(a).  Beal must ensure that the amended complaint centers around the same event or series of events, and that the events share a common question of law or fact.  *See* Fed. R. Civ. P. 20(a)(2). The Court directs the Clerk of Court to mail Beal a copy of the Court's standard prisoner-civil-rights complaint form.  *See* E.D.Mo. L.R. 2.06(A) (noting that "[a]ll actions brought by self-represented plaintiffs . . . should be filed on Court-provided forms where applicable").

In structuring the amended complaint, Beal must put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  Beal should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Beal should write a short and plain statement of the factual allegations supporting the claim against that specific defendant.  If Beal sues more than one defendant in the amended complaint, he should follow the same procedure for each defendant.  As noted above, Rule 20 permits joining multiple defendants only when the claims against them arise out of the same transaction or occurrence and share a common question of law or fact.  *See* Fed. R. Civ. P. 20(a)(2).

The Court cautions Beal that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *Allen v. Amsterdam*, 132 F.4th 1065, 1068 (8th Cir. 2025) (citation omitted).  Beal must therefore include every claim he intends to pursue in the amended complaint. *See id*.  After Beal files the amended complaint, the Court will review it under 28 U.S.C. § 1915.  If Beal fails to file an amended complaint on the court-provided form by August 12, 2026, the Court may dismiss this action without prejudice and without further notice.

### B.       Request for weekly canteen access

Beal seeks an order requiring Southeast Correctional Center to allow him weekly access to the canteen for the purchase of legal materials.  Doc. 16.  The Court construes the motion as a request for preliminary injunctive relief and denies it for two independent reasons.

First, "a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citation modified) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Beal asks the Court to set aside the institution's canteen policy and impose a court-ordered schedule of weekly access. *See* doc. 16.  The Court declines Beal's invitation to interfere with prison administration. *See Goff*, 60 F.3d at 520.

Second, the injunctive relief Beal seeks bears no relation to the constitutional claims he asserts in his complaint.  "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  The Court therefore denies Beal's request.  Doc. 16.

C.      **Request for judicial notice**

Beal also asks the Court to take judicial notice of an Informal Resolution Request that he submitted to the Southeast Correctional Center in December 2025 and January 2026.  Doc. 19 at 1; *see also* doc. 19-1.  Beal's administrative-exhaustion efforts have no bearing on the Rule 20 deficiency addressed above, so the Court need not consider them at this stage of the litigation. The Court therefore denies Beal's request for judicial notice.  *Id.*

IV.    **Conclusion**

Accordingly, the Court directs Beal to file an amended complaint that complies with Federal Rule of Civil Procedure 20(a), on the Court-provided form, no later than August 12, 2026.  The Court directs the Clerk of Court to mail Beal a copy of the Court's standard prisoner-civil-rights complaint form.  The Court denies, without prejudice, Beal's [16] motion for the Court to order the Missouri Department of Corrections to allow weekly canteen access and Beal's [19] request for judicial notice.  Beal's failure to comply with this order may result in the dismissal of this action without prejudice and without further notice.

So ordered this 13th day of July 2026.

_____SL R. CR_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

7